## Brubaker Estate

*Robert Ruppin* and *David F. Chambers, Jr.,* for exceptants.

*Harold E. Martin* and *Joseph J. Lombardo,* contra.

*Arnold, Bricker, Beyer & Barnes,* for trustee.

BOWMAN, P. J., December 30, 1965.—Roland H. Brubaker died testate January 8, 1920, having by his last will and testament, dated October 4, 1919, created a trust of $50,000 for the use of his niece, Mary Rue Bard Brenneman, as follows:

"I give, devise and bequeath to the Conestoga National Bank of Lancaster, Pa. the sum of Fifty thousand dollars, in trust, the income arising therefrom to be used for the maintenance and repair of my residence No. 331 North Duke Street, Lancaster, Pa. and the buildings and grounds connected therewith, the payment of the taxes and insurance and to pay the balance remaining if any semi-annually to my niece, Mary Rue Bard Breneman, and in case my niece sells the house the income derived from the said fund is to be paid to her semi annually as aforesaid; at the death of my said niece the said fund is to be divided equally among her childern [sic] share and share alike, the issue of any deceased childern to take by representation the parents share, and in case my niece Mary Rue Bard Breneman dies without issue, the said fund is to be equally divided between the childern [sic] of my half brothers William Styer, and George Styer, Harry B. Townsley, Mrs. Cyrus Gehr, Eugene Drybread, Roland Drybread, William Bard, Michael Bard, and Gertrude Bard share and share alike and upon the decease of any of the within named persons, their heirs to take by representation the share of the deceased legatee".

In a codicil dated December 30, 1919, testator provided as follows:

"I revoke the bequest to Roland Drybread of a share of the sum of Fifty Thousand Dollars ($50,000.00) in case my niece, Mary Rue Bard Breneman, dies without issue, so that the said fund shall be divided between the remaining children of my half-brothers, William Styer and George Styer, which children are named in paragraph four of my will; and I also revoke the bequest of Two Thousand Dollars ($2,000.00) given to the said Roland Drybread or his heirs".

Mary Rue Bard Brenneman, the life beneficiary, died November 6, 1964, thus terminating the trust and maturing the corpus for distribution. She left to survive her no issue.

On July 29, 1965, an adjudication of the first and final account of the trustee was filed and distribution directed as therein set forth. Exceptions to the adjudication were filed by Mary Jane Styer and William F. Styer, two of the distributees set forth in the schedule of distribution in the adjudication, and by William S. Kinzer, who claims an interest under an agreement with the other exceptants.

The construction of the will and codicil and the resulting distribution were not without problems. In explanation thereof, we quote from the auditing judge's adjudication as follows:

"We find from the memoranda submitted at audit that William Styer and George Styer were testator's half brothers. Thus, they are correctly described in the will of October 4, 1919.

"Harry B. Townsley, Mrs. Cyrus Gehr, Eugene Drybread, Roland Drybread, William Bard, Michael Bard and Gertrude Bard were all nephews and nieces of the testator's wife. All are now deceased except William Bard. Initially several problems are presented: Did the testator by his will of October 4, 1919, intend to give the remainder interest to the children of his

two named half brothers and to the *children* of those named persons who were the nephews and nieces of his wife? Or did he intend to give the remainder interest to the children of his two half brothers and the named nephews and nieces of his wife? We believe and conclude that he intended the latter, with the result that the testator by his will intended the children of his two named half brothers and the named nephews and nieces of his wife to share the remainder interest in equal shares.

"By the codicil of December 30, 1919, the testator clearly excluded Roland Drybread from participating in distribution in the event the life beneficiary died without issue. However, the codicil presents another problem in that those persons specifically named in the will are described as being the 'remaining children' of his two named half brothers. Despite the incorrect designation of the named persons as the children of his two half brothers, we do not believe that the testator by his codicil intended to restrict the distribution to the children of the two named half brothers and thus exclude all the other named persons (excepting Roland Drybread, who is specifically excluded). We therefore conclude that by the will and the codicil the intended beneficiaries were the children of testator's two half brothers and the named nephews and nieces of his wife, with the exception, however, of Roland Drybread.

"Having so concluded, we come to another problem: Were the interests of the children of testator's two half brothers and the named nephews and nieces of his wife (excluding, however, Roland Drybread) vested upon the death of the testator on January 8, 1920, subject to being divested in the event of death before the life tenant leaving issue?"

"In the will before us there is no provision expressly stating that the various children of testator's two half brothers and the nephews and nieces of his wife must

be living at the time of the life tenant's death, and we therefore conclude that the general principle prevails, with the result that the interests of the above mentioned legatees were vested as of the testator's death subject to being divested only on the death of any of them prior to that of the life tenant with issue. (We have no difficulty in finding that, in using the phrase 'heirs to take by representation,' the testator was referring to issue.)

"William Styer, testator's named half brother, had one child, namely, William R. Styer, who died February 15, 1955, leaving to survive him two children, William F. Styer and Mary Jane Styer, both of whom are living.

"George Styer, testator's other named half brother, had three children, namely, Roland Styer, Grace Styer and Florence Styer Sprecher, all of whom predeceased the life tenant. Florence Styer Sprecher left to survive her two children, Clay Sprecher, Jr., and Margaret Brown, both of whom are living. Roland Styer and Grace Styer never married and left no issue surviving.

"We come now to the matter of distribution:

"The accountant has set forth in the petition for adjudication a proposed schedule of distribution. That schedule eliminates any interests of Roland Styer, Grace Styer, Michael Bard and Gertrude Bard, all of whom, as aforesaid, predeceased the life tenant and left no issue surviving. Another schedule of distribution presented to us also eliminates the interests of these deceased legatees, but, in addition thereto, suggests a variation in distribution under the codicil by reason of the elimination of Roland Drybread as an interested party. We disagree with both suggested schedules of distribution, and for the reasons hereinbefore set forth we conclude and hold that there is properly distributable to each of the personal repre-

sentatives of Roland Styer, Grace Styer, Michael Bard and Gertrude Bard a one-tenth share. It does not appear of record that an administration has been raised on any of the estates of these deceased persons".

The pertinent exceptions, other than those charging errors in making or not making specific awards in distribution, filed by all the exceptants are:

"1. The Auditing Judge erred in holding: 'We therefore conclude that by the will and the codicil the intended beneficiaries were the children of testator's two half brothers and the named nephews and nieces of his wife, with the exception, however, of Roland Drybread'.

"2. The Auditing Judge erred in holding that the interests of testator's two half brothers and named nephews and nieces of his wife, exclusive of Roland Drybread, 'were vested as of the testator's death subject to being divested only on the death of any of them prior to that of the life tenant with issue'.

"3. The Auditing Judge erred in holding 'that there is properly distributable to each of the personal representatives of Roland Styer, Grace Styer, Michael Bard and Gertrude Bard a one-tenth share' ".

In support of the exceptions, it is argued that the remainder interests are contingent and not vested, and that the named nephews and nieces of testator's wife should not have been included as parties in distribution under the codicil.

Counsel for Mary Jane Styer and William F. Styer concedes in his brief the involved problems of construction. He states: "The Will and Codicil are so replete with inconsistencies, mis-descriptions and other confusing language which was obviously the fault of the scrivener and not the Testator that it is a travesty on justice to speak of the language of this Will as the language of the Testator. The revocation paragraph of the Roland Drybread interest is a very poor and

inaccurate resume or description of that interest as it appears in the Will. We have already pointed out the inartful language contained in the Will. . . ."

We feel that all of the matters raised by the exceptions were fully and carefully considered by the auditing judge in arriving at a proper construction of the will and the codicil and the resultant schedule of distribution. After carefully reviewing the adjudication and the conclusions reached by the auditing judge, we find no error which would justify our changing the decision reached by him. In so doing, we have considered the cases cited by exceptants in support of their contentions. We are of the opinion that they are neither decisive nor controlling of the problems involved. We, therefore, enter the following decree:

And now, December 30, 1965, all of the exceptions are dismissed, and the adjudication filed July 29, 1965, is confirmed absolutely.